# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| PHILIP A. BIERI and | ) | Case No. 12-24651 |
| FREDERICA LYNN BIERI, | ) | |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |

## NOTICE OF MOTION

TO:  Wells Fargo Bank, N.A.           Mr. Chris Iaria
      420 Montgomery Street           Anselmo Lindberg Oliver LLC
      San Francisco, CA 94104         1771 West Diehl Road, Suite 120
      Attn: John G. Stumpf, Chairman & CEO    Naperville, IL 60563-4947

On October 7, 2016 at 1:00 P.M. or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar, in the usually occupied by him at the United States Bankruptcy Court, 1792 Nicole Lane, Round Lake Beach, Illinois and shall then and there present the attached Motion for Rule to Show Cause and Other Relief and request hearing instanter thereon.

                                          James T. Magee [#1729446]
                                          MAGEE HARTMAN, P.C.
                                          Attorneys for Debtors
                                          444 North Cedar Lake Road
                                          Round Lake, Illinois 60073
                                          (847) 546-0055

## AFFIDAVIT OF SERVICE

The undersigned being first duly sworn on oath deposes and states that mailed a true and correct copy of the Notice of Motion and Motion for Relief from Automatic Stay to whom this Notice is directed by United States Mail, proper postage prepaid, and delivering same to the United States Post Office facility at Round Lake Beach, Illinois before 5:15 P.M. on this 9th day of September, 2016.

_____

Subscribed and sworn to before me this 9th of September, 2016.

_____
Notary Public

cc: Philip and F. Lynn Bieri

```
OFFICIAL SEAL
CYNTHIA SANCHEZ
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/13/2020
```

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| PHILIP A. BIERI and | ) Case No. 12-24651 |
| FREDERICA LYNN BIERI, | ) |
| | ) |
| Debtors. | ) |

## MOTION FOR RULE TO SHOW CAUSE AND OTHER RELIEF

Now come the Debtors, PHILIP A. BIERI and FREDERICA LYNN BIERI, (hereinafter referred to as "Debtors"), by and through their Attorneys, MAGEE HARTMAN, P.C., and pursuant to Sections 524(a)(2) and 105(a) of the United States Bankruptcy Code move the Court to enter its Order For Rule to issue as to Creditor, WELLS FARGO BANK, N.A., (hereinafter referred to as "Creditor") and its Attorneys, to show cause why Creditor and its Attorneys should not be held in contempt or sanctioned and in support of this Motion state as follows:

1. The Debtors filed a Chapter 7 Petition in Bankruptcy on June 19, 2012; Discharge of Debtors was entered on September 12, 2012; and the case closed on September 17, 2012.

2. The Creditor was a listed Creditor, claiming a mortgage lien on the Debtors' residence.

3. After Discharge the Debtors continued to make voluntary payments on Creditor's mortgage pursuant to a loan modification but eventually Debtors defaulted.

4. In May of 2014, Creditor filed a mortgage foreclosure action in Case No. 14 CH 1065 in the Circuit Court of Lake County, Illinois.

5. **Facts Discovered After The Commencement of Foreclosure:**

    A. Prior and subsequent to the Debtors' Bankruptcy filing and discharge, Debtors reasonably, but mistakenly, believed that Creditor, Wells Fargo Bank, N.A. held a valid first mortgage upon the real estate commonly known as 5850 Manchester Drive, Gurnee, Illinois 60031 (P.I.N 07-28-204-054).

B. Upon the Creditor's filing its foreclosure case, the Debtors' retained counsel and learned for the first time that Creditor's mortgage was defective and of no effect to constitute a lien on real estate for the following reasons:

1) The original mortgage transaction was with Webster Bank, N.A. and Creditor is the successor mortgagee; at the time of that mortgage transaction, December 17, 2007, the Debtors owned their home as beneficiaries under their Land Trust and that Land Trust held legal and equitable title to the subject real estate;

2) The Land Trust was the F. Lynn Bieri Revocable Trust dated August 22, 1997 and established the Land Trust as the owner of record of the subject real estate by Document Number 4232583 recorded October 31, 1998.

3) For unknown reasons, as to the mortgage transaction of December 17, 2007, no mortgage documents were requested to be executed by the Land Trust and instead all mortgage documents including the mortgage and note were executed solely by the Debtors individually and not as trustees or beneficiaries of the Land Trust. A true copy of Creditor's mortgage is attached as Exhibit A and a true copy of Debtors' Deed In Trust is attached as Exhibit B.

4) The Debtors' execution of documents individually was ineffective to place a mortgage lien upon the real estate. To constitute a valid and enforceable mortgage, a mortgage must be executed by the owner of record; a mortgage not executed by the owner of record is a nullity and void. *Madigan v. Buehr*, 125 Ill. App. 2d 8, 16-17, 260 NE 2d 431, 435 (Ill. App. 1 Dist 1970)

5) The Debtors' bankruptcy discharge released them from personal liability on the mortgage note and barred Creditor from thereafter claiming a liability or other obligation against the Debtors, first by stay under Section 362(a) of the Bankruptcy Code, and then after discharge by virtue of the permanent injunction under Section 524(a)(2) of the Bankruptcy Code. Claiming a mortgage right when none exists is a violation of that permanent injunction.

      6)  This information and status was not expressly disclosed in the Debtors' Bankruptcy Petition because it was not known to Debtors.

     C.  It is now evident that the Debtors, as Beneficiaries under the Land Trust, own and hold the real estate free and clear of any mortgage or lien claim (legal or equitable) of the Creditor, Wells Fargo Bank, N.A. [See *Madigan v. Buehr*, at P. 435]

   6.  Until recently, in their capacity as Trustees of the Land Trust and through their Attorneys, Debtors litigated the merits of the Creditor's mortgage claim, disputed the Creditor's mortgage lien right by answer and affirmative defenses and had not considered whether Creditor's foreclosure action constituted a violation of the permanent injunction afforded Debtors pursuant to Section 524(a)(2) of the Bankruptcy Code. Debtors assumed that the defective nature of the Creditor's mortgage would be confirmed in the foreclosure and Debtors mistakenly believed that Creditor and its Attorneys were proceeding in good faith on the issue of whether the mortgage was a valid lien.

   7.  On June 29, 2016, Creditor, by its Attorneys, Anselmo Lindberg Oliver, LLC, filed a Motion for Summary Judgment in the foreclosure Case Number 14 CH 1065 and stated and alleged that Debtors had committed a series of felony crimes in the course of the original mortgage loan application and closing as well as in the course of Debtors' Bankruptcy Petition and Discharge and continuing their perjury in defense of the state foreclosure case. Creditor's Motion in pertinent part stated:

> In addition, Defendants as Co-Trustee assert an affirmative defense claiming that the subject loan is a nullity because Defendants as Individuals "were not the holders or owners of legal title or equitable title in the subject real estate." *See*, Def's Affirm. Defs at ¶ 2. Defendants as Co-Trustees, without any reservation, assert that Defendants as Individuals fraudulently misrepresented their ownership interest to the original lender and Plaintiff in order to obtain the subject loan and Modification. It follows that Defendants as Individuals also then perjured themselves when they fraudulently claimed fee simple ownership in the subject property to the United States Bankruptcy Court. Setting aside the mental jiu jitsu necessary to grapple with the aforementioned allegations, this defense fails under Illinois law because Defendants as Individuals may encumber their interest in the Property as individuals because they are beneficiaries of the Trust.

[See Plaintiff's Motion For Summary Judgment, Lake County Circuit Court Case Number 14 CH 1065, Wells Fargo Bank, N.A. vs. Bieri, at p. 2-3) (Copy attached hereto as Exhibit C (exhibits omitted)]

8. While the last sentence states the disputed legal issue, the balance of statements and allegations charging criminal fraud and perjury advanced no issue in the foreclosure case and are unsupported by fact but were presented by Creditor and its Attorneys, Anselmo Lindberg Oliver, LLC, for the purpose of intimidation and coercion seeking to threaten and force Debtors to submit to Creditor's collection of a debt previously discharged by bankruptcy.

9. Creditor has no legal basis to claim an entitlement to a mortgage lien and the Creditor's false claims that Debtors are guilty of serious crimes are actions by Creditor seeking to recover discharged debt as a personal liability.

10. On July 27, 2016, Debtors' Attorneys, Magee Hartman, P.C., sent Creditor's Attorney a cautionary letter requesting an apology and stating that the foreclosure proceeding itself was in violation of the permanent injunction provided by Section 524(a)(2) of the Bankruptcy Code. (A copy of that letter is attached as Exhibit D).

11. Since the issuance of the Debtors' cautionary letter of July 27, 2016, Creditor and its Attorneys have sought to proceed with the foreclosure action, have not withdrawn the allegations that Debtors have committed a series of felony crimes and Creditor and its Attorneys have continued with a course of conduct intended to intimidate and coerce Debtors into submission for the purpose of collection of a debt discharged in bankruptcy.

12. Debtors have and will continue to incur expense for legal fees and costs in defense of Creditor's wrongful actions.

13. Debtors have no adequate remedy at law and appropriately seek the Court's enforcement of the applicable permanent injunction provided by Section 524(a)(2) of the Bankruptcy Code.

WHEREFORE, the Debtors, PHILIP A. BIERI and FREDERICA LYNN BIERI, move the Court pursuant to Sections 524(a)(2) and 105(a) of the United States Bankruptcy Code issue its Order for Rule to Show Cause compelling Creditor, Wells Fargo Bank, N.A., and their Attorneys, Anselmo Lindberg Oliver, LLC, to show cause why they should not be held in indirect civil contempt of court for violation of the permanent bankruptcy injunction for commencement and continuation of the State Court mortgage foreclosure action filed in the Circuit Court of Lake County, Illinois and that the Court consider sanctions for contempt including but not limited to a punitive award to Debtors and their reasonable attorney's fees and to enter such other or further order as may be appropriate and just.

        PHILIP A. BIERI and
        FREDERICA LYNN BIERI, Debtors;

By: _____
      James T. Magee, their Attorney.

James T. Magee (#1729446)
MAGEE HARTMAN, P.C.
444 North Cedar Lake Road
Round Lake, Illinois   60073
(847) 546-0055